David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff
Nathan Brelsford

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Brelsford<br><br>                 Plaintiff,<br><br>v.<br><br>CMRE Financial Services, Inc.<br><br>                 Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Nathan Brelsford, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of CMRE Financial Services, Inc., ("Defendant"), with regard to their conduct in the wrongful collection of an alleged debt from Plaintiff and the inaccurate reporting of said debt on Plaintiff's credit report, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), 15 U.S.C. § 1681 *et seq.,* and 28 U.S.C. § 1367 for any supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

10. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Scottsdale State of Arizona.

14. Defendant is located in the City of Brea, in the State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Defendant is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**FACTUAL ALLEGATIONS**

19. Sometime prior to August 2015, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before August 2015, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

22. Plaintiff currently disputes the validity of this alleged debt, as he was never treated by the original creditor, never consented to have any of his family members treated with the original creditor, nor did he sign any contract or paperwork agreeing to be financially responsible for anyone seeking treatment with the original creditor.

23. Subsequent to the default, but before August 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about October 2015, Plaintiff noticed his credit score dropped and one of his credit limits on a credit card was reduced.

25. When investigating the cause of this, Plaintiff learned that Defendant had incorrectly reported the alleged debt on his credit report, thereby causing erroneous and negative credit information in Plaintiff's credit files.

26. Specifically, Defendant had reported the debt as being owed by him when in fact it is not, to the credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

27. On or about October 13, 2015, Plaintiff disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying the credit reporting agency, Experian, in writing, informing them of the incorrect entries including the fact that Plaintiff did not owe the alleged debt.

28. Specifically, Plaintiff stated, "This account is not my account.  I was never treated at the Phoenix Children's Hospital.  I am 36 years old.  I never agreed to pay this amount because I never contracted with Phoenix Children's Hospital in a written or verbal contract."

29. Subsequently Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

30. Plaintiff believes that Defendant, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

31. Plaintiff believes further believe that Defendant failed to review all relevant information provided by Plaintiff in his dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

32. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

33. On or about March 28, 2016, Plaintiff again disputed the account pursuant to 15 U.S.C. § 1681i(a)(2).

34. Subsequent to the second dispute, Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15

U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

35. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

36. Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

37. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

38. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

39. By reporting the alleged debt on Plaintiff's credit report, and by still insisting to Plaintiff that the alleged debt was still valid and due, Defendant was attempting to collect the alleged debt.

40. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

41. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

42. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

43. This action by Defendant was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).
44. Defendant's actions caused Plaintiff actual damages to be suffered by Plaintiff including including but not limited to reduction in available credit, lower credit scores, and at least one denial.
45. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships as well as impacting his job.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//
//
//

# COUNT II

## FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

50. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

51. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Special, general, compensatory and punitive damages.

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,                Hyde & Swigart

Date: May 16, 2016                By: */s/ David J. McGlothlin*
                                              David J. McGlothlin
                                              Attorneys for Plaintiff